**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Susan M. Freeman** (State Bar No. 004199)
Direct Dial: 602.262.5756
Direct Fax: 602.734.3824
Email:  sfreeman@lrrc.com
**Jeffrey L. Sklar** (State Bar No. 026372)
Direct Dial: 520.838.7742
Direct Fax: 520.622.3088
Email:  jsklar@lrrc.com

Attorneys for Plaintiff Verde Investments, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| VERDE INVESTMENTS, INC., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW C. BROWNDORF and SARINA BROWNDORF, a married couple; PLUTOS SAMA, LLC, a Delaware limited liability company; and DCM-P1, LLC, a Delaware limited liability company,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

For its Complaint, Verde Investments, Inc. ("Verde") alleges as follows:

**The Parties**

1. Verde is an Arizona corporation with its principal place of business in Tempe, Arizona.

2. Defendants Matthew C. Browndorf and Sarina Browndorf are a married couple and residents of Orange County, California.

3. Plutos Sama, LLC is a Delaware limited liability company with its principal place of business in Orange County, California.

4. DCM-P1, LLC is a Delaware limited liability company with its principal place of business in Orange County, California.

107288352_1

**Jurisdiction and Venue**

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Complete diversity exists between the parties. No defendants are citizens of Arizona, which is the state of Verde's citizenship.

7. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

8. Venue is appropriate in the District of Arizona under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Verde's claims occurred in Arizona.

9. Venue is also appropriate in the District of Arizona under 28 U.S.C. § 1391(b)(3) because the defendants submitted to the jurisdiction of this Court.

**Background Facts**

**A.     The Loan Documents**

10. On November 7, 2016, Verde, as lender, entered into a Loan Agreement with Distressed Capital Management, LLC ("Borrower"), as borrower, and Matthew C. Browndorf, Plutos Sama, LLC, DCM-P1, LLC (collectively, "Defendant Guarantors"), and DCM-P3, LLC (collectively with Defendant Guarantors, "Guarantors"), as guarantors. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

11. The Loan Agreement sets forth the terms of a loan from Verde to Borrower in the original principal amount of $2,400,000.00.

12. Also on November 7, 2016, Verde and Borrower entered into a Secured Promissory Note ("Note") in the original principal amount of $2,400,000.00. A true and correct copy of the Note is attached hereto as **Exhibit B**.

13. Also on November 7, 2016, Verde and Guarantors entered into a Guaranty. A true and correct copy of the Guaranty is attached hereto as **Exhibit C**.

14. Under Section 2 of the Guaranty, Guarantors "unconditionally and irrevocably, jointly and severally, guarantee[d] to Lender and to its successors, endorsees and/or assigns, the full and prompt payment" of the Note.

15. Under Section 4 of the Guaranty, the "liability of Guarantor under this Guaranty is a guaranty of payment and not of collectability."

16. Under Section 5 of the Guaranty, Guarantors waived various defenses, including the protection of any applicable anti-deficiency statute and one-action rule.

17. Under Section 6 of the Guaranty, Guarantors agreed that Verde "may enforce this Guaranty without the necessity of resorting to or exhausting any security or collateral and without the necessity of proceeding against Borrower or any other guarantor."

18. Also under Section 6 of the Guaranty, Guarantors "waive[d] the right to require Lender to proceed against Borrower, to proceed against any other guarantor … [or] to foreclose any lien on any real or personal property."

19. In connection with the Guaranty, Sarina Browndorf entered into a Marital Community Joinder/Disclaimer, pursuant to which she agreed to bind all present and future marital community property to payment of Matthew Browndorf's obligations under the Guaranty and other loan documents.

20. Also on November 7, 2016, DCM-P3 as trustor, First American Title Company ("Trustee"), as trustee, and Verde, as beneficiary, entered into a Deed of Trust, Security Agreement, Fixture Filing and Assignment of Rents ("Deed of Trust"). A true and correct copy of the Deed of Trust is attached as **Exhibit D**.

21. Under the Deed of Trust, DCM-P3 conveyed to Trustee in trust and with the power of sale a real property in Orange County, California, described more particularly in the Deed of Trust. The address of the trust property is 34 Black Hawk #418, Irvine, California ("Trust Property").

22. DCM-P3 is not a party to this action.

23. Under both the Loan Agreement and Guaranty, Defendant Guarantors agreed that the federal and state courts in Arizona have exclusive jurisdiction over this action and consented to the jurisdiction of this Court.

**B.    The Defaults**

24. Pursuant to the Loan Agreement and Note, Borrower was obligated to make quarterly, interest-only payments to Verde beginning on December 31, 2016.

25. Interest under the Loan Agreement and Note were calculated based on the interest rate set forth in the Loan Agreement, which was 12 percent *per annum*, based on a 360-day year.

26. Pursuant to the Loan Agreement, an Event of Default occurs upon failure to pay the amounts due under the Loan Agreement and Note and the expiration of five days after such failure.

27. Section 6.2(a) of the Loan Agreement contains an acceleration clause, such that on an Event of Default (as defined in the Loan Agreement), Verde has "the option to declare all outstanding indebtedness to be immediately due and payable."

28. Borrower failed to timely make the quarterly interest payments due on March 31, 2018, June 30, 3018, and October 1, 2018.

29. Each of these failures constituted an Event of Default. Verde sent a timely notice to Borrower and Guarantors of each Event of Default.

30. On October 15, 2018, Verde sent a notice to Borrower and Guarantors exercising its right under Section 6.2(a) of the Loan Agreement to accelerate the debt and accrue interest at the default rate of 20 percent *per annum*. A true and correct copy of this notice is attached hereto as **Exhibit E**.

31. Under the notice of acceleration, the balance due as of October 15, 2018 was $2,495,807.95.

32. Although the interest payment that was due on October 1, 2018 was later made, this did not cure the default, as the debt had already been accelerated.

33. Borrower committed a further Event of Default by failing to make the quarterly installment of accrued default interest due on December 31, 2018, in the amount of $122,666.36.

34. As of December 31, 2018, the accelerated balance due was $2,524,874.36, with default interest accruing at $1,333.33 *per diem*.

35. On February 8, 2019, Lender sent Borrower and Guarantors a timely notice of the Event of Default arising from Borrower' failure to make the December 31, 2018 payment. A copy of that notice is attached as **Exhibit F**.

36. That notice again confirmed that the obligations of Borrower and Guarantors had been accelerated, and that the accelerated balance was $2,670,649.13, as of February 7, 2019.

37. This accelerated balance includes late fees and attorneys' fees, as permitted by the Loan Agreement and Guaranty.

38. Borrower and Guarantors have failed to pay the amount due.

### COUNT ONE – Breach of Contract

39. Verde incorporates by reference all prior allegations of this Complaint.

40. The Loan Agreement and Guaranty are valid, enforceable agreements between Verde and Guarantors, including the Defendant Guarantors.

41. Under the Guaranty, Guarantors, including the Defendant Guarantors, entered into a valid promise to pay all sums due under the Note.

42. Despite demand, Guarantors, including the Defendant Guarantors, have failed to pay all sums due under the Guaranty.

43. As a direct and proximate result of this failure by Guarantors, including the Defendant Guarantors, Verde has been damaged in the amount of $2,678,649.11 as of February 13, 2019, with default interest accruing at $1,333.33 *per diem*.

### COUNT TWO – Breach of Duty of Good Faith and Fair Dealing

44. Verde incorporates by reference all prior allegations of this Complaint.

45. The Loan Agreement and Guaranty contain an implied covenant of good faith and fair dealing.

46. Borrower and Guarantors, including the Defendant Guarantors, have breached the implied covenant of good faith and fair dealing by failing to make payment of the sums due on the Guaranty.

47. Borrower and Guarantors, including the Defendant Guarantors, have breached the implied covenant of good faith and fair dealing, including by providing inaccurate information about the Loan and their financial conditions that could adversely affect meeting their obligations.

48. The inaccurate information included representations about disposition of collateral, and inducement to transfer collateral for disposition, the proceeds of which were represented to be used to pay the Note in full, thereby also satisfying obligations under the Guaranty.

49. As a direct and proximate result of this failure by Borrower and Guarantors, including the Defendant Guarantors, Verde has been damaged in the amount of $2,678,649.11 as of February 13, 2019, with default interest accruing at $1,333.33 *per diem*.

## COUNT THREE – Unjust Enrichment

50. Verde incorporates by reference all prior allegations of this Complaint.

51. Guarantors, including Defendant Guarantors, were enriched as a result of the sums advanced by Verde to Borrower under the Note.

52. Verde was impoverished as a result of advancing the sums without receiving payment.

53. Guarantors, including Defendant Guarantors, were not justified in failing to repay Verde the sums advanced by Verde.

54. If no adequate remedy at law is available for Verde's impoverishment due to the failure of Guarantors, including Defendant Guarantors, to repay Verde the

sums advanced, Verde should be entitled to recover under a theory of unjust enrichment.

**Prayer for Relief**

WHEREFORE, Verde prays that the Court enter judgment in its favor and against Defendant Guarantors as follows:

A.  For outstanding principal and default interest due under the Guaranty and Loan Agreement, in the amount of $2,678,649.11 as of February 13, 2019, plus default interest accruing at $1,333.33 *per diem*;

B.  For taxable and non-taxable costs;

C.  For reasonable attorneys' fees, pursuant to the Guaranty, Loan Agreement, and A.R.S. § 12-341.01, and

D.  For such other relief as the Court deems just and proper.

DATED this 14th day of February, 2019.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Jeffrey L. Sklar*
    Susan M. Freeman
    Jeffrey L. Sklar
Attorneys for Plaintiff Verde Investments, Inc.

107288352_1

7